IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )    CR 93-118-RE
                                    )    CV 03-1156-RE
    vs.                             )
                                    )    OPINION AND ORDER
JEFFREY R. TAYLOR,                  )
                                    )
        Defendant.                  )
_____ )


Kent Robinson
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, Oregon 97204

    Attorney for Plaintiff


Jeffrey R. Taylor
12780 S.W. Creekshire Drive
Tigard, OR 97223

    Defendant Pro Se


Page 1  –  OPINION AND ORDER

REDDEN, Judge:

The matter before the court is defendant's motion (doc. 105) for writ of error coram nobis. As the government notes, this is defendant's fifth attempt to void his guilty plea, which was entered almost 12 years ago. Defendant has filed (1) a motion to withdraw his plea and for a new trial; (2) a 2255 motion; (3) a second 2255 motion; (4) a first coram nobis petition; and (5) this second coram nobis petition.

In his current coram nobis petition, defendant reargues claims that have already been rejected. He argues "the District Court erred" in its prior determination that these issues had been litigated before. He argues he "has a right to a fair trial which he did not get." Def. Motion, p. 9. This court disagrees. Defendant plead guilty. He got the benefit of full review of his guilty plea when he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. After this court denied that motion, defendant appealed to the Ninth Circuit. United States v. Taylor, 70 F.3d 121, 1995 WL 648265 (9th Cir. 1995) (unpublished opinion). The Ninth Circuit rejected defendant's claims that (1) he had not agreed to a tax loss figure, (2) his plea was involuntary because it was induced by fear, (3) he was deprived on effective assistance of counsel, and (4) there was new exculpatory evidence. Id.

Further, on April 28, 2004, this court denied defendant's first corum nobis petition, holding that none of defendant's arguments met the requirements for corum nobis relief. Defendant appealed to the Ninth Circuit, arguing he was denied effective assistance of counsel during his plea proceedings and that new evidence establishes his innocence. On February 11, 2005, the Ninth Circuit Court of Appeals affirmed this court. The Ninth Circuit held defendant's ineffective assistance claim does not meet the

Page 2 – OPINION AND ORDER

requirements for coram nobis relief because it already has been litigated in an earlier motion to vacate the sentence under 28 U.S.C. § 2255. The Ninth Circuit also held that defendant's recent settlement of his civil tax liability with the Internal Revenue Service, which he argues establishes his innocence by showing that he did not owe "substantial tax," also fails to meet the requirements for coram nobis relief because there is no substantiality requirement for a violation of 26 U.S.C. § 7201.

Again, as in this court's earlier decision on defendant's first corum nobis petition and the Ninth Circuit's affirmation thereof, defendant fails to meet the requirements for corum nobis relief with respect to all of the matters he attempts to bring before this court.

For the reasons discussed above, defendant's motion (doc. 105) for writ of coram nobis is DENIED. All pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this   8th    day of December, 2005.

        /S/ James A. Redden
        James A. Redden
        United States District Judge