UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


UNITED STATES OF AMERICA,                                          CR 93-118-RE

                Plaintiff,                                 OPINION AND ORDER


     v.


JEFFREY R. TAYLOR,

                Defendant.
_____

REDDEN, Judge:

     Before the court is Defendant Jeffrey R. Taylor's third Motion (doc. 118) for Coram

Nobis Relief.  For the reasons set forth below, the motion is DENIED.

     On April 14, 1993, a grand jury returned an Indictment charging Taylor with two counts

of tax evasion.  On September 28, 1993, he pleaded guilty to Count 2 of the Indictment.  At his

plea hearing, Taylor admitted under oath that he was guilty of tax evasion and that he understood

PAGE 1 - OPINION AND ORDER

the consequences of his guilty plea.  He testified that he was not under the influence of any drugs

or medication, and that his guilty plea was not the result of any force, coercion, or threat.  After a

brief colloquy, I found that Taylor knowingly, intelligently, and voluntarily pleaded guilty, and

then accepted his plea.

On November 12, 1993, Taylor filed a motion to withdraw the guilty plea, which I denied

because he failed to demonstrate any fair or just reason for allowing him to withdraw the plea.

See Fed. R. Crim. P. 11(d)(2)(B).  On December 8, 1993, I sentenced Taylor to three years of

probation, a $1,000 fine, and $54,088 in restitution.

On June 8, 1994, Taylor filed a motion for a new trial based on his alleged discovery of

evidence of his payment of corporate taxes and fees that might have lowered the $54,088

restitution figure.  I denied the motion because this so-called new evidence was available to

Taylor at the time of his plea and could have been substantiated with the exercise of reasonable

diligence.

Taylor did not directly appeal his conviction.  Instead, he filed a motion to vacate his

sentence under 28 U.S.C. § 2255, arguing that: (1) the court should have granted his motion to

withdraw his guilty plea; (2) his guilty plea was not made knowingly, intelligently, and

voluntarily; (3) he was deprived of effective assistance of counsel; and (4) the "newly

discovered" exculpatory evidence of his corporate tax payments would have caused him to

change his plea.  I addressed and rejected each of Taylor's arguments on the merits, and denied

the motion.  On November 3, 1995, the Ninth Circuit affirmed this court's decision.  United

States v. Taylor, 70 F.3d 121, 1995 WL 648265 (9th Cir. 1995) (unpublished opinion).

On September 8, 2003, Taylor filed a second motion to vacate his sentence under

28 U.S.C. § 2255.  I denied that motion as untimely because Taylor was no longer in custody or subject to probation.

On January 20, 2004, Taylor filed his first Motion for Coram Nobis Relief, arguing that he was denied effective assistance of counsel and that new evidence established his innocence. On April 28, 2004, I denied that motion because neither of the claims met the requirements for Coram Nobis relief.  The Ninth Circuit affirmed that decision on February 11, 2005. United States v. Taylor, 122 Fed. Appx. 891, 2005 WL 327636 (9th Cir. 2005).

On September 26, 2005, Taylor filed another Motion for Writ of Error Coram Nobis, again arguing that his guilty plea was involuntary, that he was denied effective assistance of counsel, and that he "has a right to a fair trial which he did not get."  On December 8, 2005, I denied the motion because Taylor again failed to meet the requirements for Coram Nobis relief, and was attempting reargue claims that had already been rejected.  Taylor failed to timely appeal.

On March 24, 2009, Taylor filed a third Motion for Coram Nobis Relief.  This is his seventh attempt to void his September 28, 1993 guilty plea.  Taylor now argues that the court should vacate his conviction because: (1) my past employment as Treasurer for the State of Oregon raises questions about my impartiality in this federal income tax evasion case and thus, I should have recused myself; and (2) he was under the effects of anti-depressant medication withdrawal at the time of his guilty plea and thus, his guilty plea was involuntary.

The Writ of Error Coram Nobis is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Reidl, 496 F.3d 1003, 1005 (9th Cir. 2007).  The writ serves the narrow purpose

of filling a void in the availability of post-conviction remedies in criminal cases:

> A convicted defendant who is in federal custody and claims that his sentence was
> imposed in violation of the Constitution or laws of the United States . . . or is
> otherwise subject to collateral attack may move to have his sentence vacated
> under 28 U.S.C. § 2255.  Such habeas corpus relief is not available, however, to a
> defendant who has served his sentence and has been released from custody.  In
> such a situation, no statutory avenue to relief [exists] from the lingering collateral
> consequences of an unconstitutional or unlawful conviction based on errors of
> fact.

Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987) (citation and quotations omitted;

alteration in original).  Thus, the "writ of error coram nobis affords a remedy to attack a

conviction when the petitioner has served his sentence and is no longer in custody."  Estate of

McKinney By and Through McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995).

To qualify for coram nobis relief, four requirements must be satisfied: "(1) a more usual

remedy is not available; (2) valid reasons exists for not attacking the conviction earlier; (3)

adverse consequences exist from the conviction sufficient to satisfy the case or controversy

requirement of Article III; and (4) the error is of the most fundamental character."  Hirabayashi,

828 F.2d at 604.  Failure to meet any one of those elements is fatal to a defendant's petition.

Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

Like his previous coram nobis petitions, Taylor's present claims fail to meet the

requirements for relief.  His claim that I should have recused myself from this specific federal

income tax evasion case because I was once the Treasurer for the State of Oregon is wholly

without merit.  Taylor misunderstands both the law governing recusal, and the duties of the State

Treasurer.  As Treasurer for the State of Oregon during the 1970s, I had no involvement in, or

knowledge of Taylor's 1993 federal income tax evasion case.  In fact, the Treasurer for the State

of Oregon has no role in the collection of income taxes, or the prosecution of any tax crimes.

PAGE 4 - OPINION AND ORDER

Taylor's assertion that my employment as State Treasurer during the early 1970s somehow raises questions regarding my impartiality as a federal judge presiding over his 1993 income tax evasion case is facially absurd.  There simply is no "reasonable" question about my impartiality under these circumstances and thus, federal law does not require recusal.  Taylor's claim fails because he has not demonstrated that it was "fundamental error" for me to preside over this case. In any event, given that my service as State Treasurer is a matter of public record and widely known, Taylor has not provided any "valid reason" for his failure to raise this "error" earlier.

Taylor's claim that he was under the effects of anti-depressant withdrawal at the time of his guilty plea also fails to meet the requirements for Coram Nobis relief.  In essence, this claim is a variation of Taylor's previous argument that his guilty plea was involuntary and unintelligent—an argument that this court and the Ninth Circuit have repeatedly rejected.  At his plea hearing, Taylor testified under oath that he understood the consequences of his guilty plea, that he knowingly and voluntarily pleaded guilty, and that he was not under the influence of any drugs or medication.  I find that testimony more credible than his subsequent conflicting assertion—more than fifteen years after his guilty plea—that his plea was involuntary because he was under the influence of medication withdrawal.  See Taylor, 1995 WL 648265, at *1 (holding that the district court is "entitled to credit [Taylor's] testimony at the plea hearing over [his] subsequent conflicting assertions . . . .").  Additionally, Taylor has not provided any evidence to support the assertion that he was, in fact, under the influence of anti-depressant medication withdrawal at the time of his guilty plea.  Finally, he has not provided a "valid reason" for failing to raise this claim earlier.  Consequently, the claim fails to meet the requirements for Coram Nobis relief.

PAGE 5 - OPINION AND ORDER

For the reasons stated above, Taylor's third Motion (doc. 118) for Coram Nobis Relief is

DENIED.

IT IS SO ORDERED.

DATED this  23rd  day of April, 2009.

/s/ James A. Redden
James A. Redden
United States District Judge