FILED'11 FEB 02 14:13USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 93-118-RE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JEFFREY R. TAYLOR, | |
| Defendant. | |

REDDEN, Judge:

Before the court is pro se defendant Jeffrey R. Taylor's fourth Motion (doc. 126) for Writ of Coram Nobis. For the reasons that follow, I DENY the motion.

On September 28, 1993, Taylor pled guilty to one count of willfully attempting to evade income taxes for the year 1987. In his plea petition, Taylor admitted that "[o]n or about April 15,

PAGE 1 - OPINION AND ORDER

1988, I willfully filed a 1987 joint income tax return which understated our taxable income." Plea Petition, at 5 (doc. 52). He also admitted discussing every aspect of the case with his attorney, and that understood the consequences of pleading guilty. He further stated that he was pleading guilty "because I am guilty and I am not innocent." Id. On December 8, 1993, I sentenced Taylor to three years of probation, a $1,000 fine, and $54,088 in restitution.

This is Taylor's eighth attempt to avoid the consequences of that guilty plea. Taylor moved to withdraw his guilty plea, which I denied because he failed to demonstrate any fair or just reason. After sentencing, Taylor moved for a new trial based on new evidence. I denied that motion because Taylor's "new" evidence was available at the time of his guilty plea.

Taylor did not directly appeal his sentence or conviction. Instead, he moved to vacate the sentence under 28 U.S.C. § 2255 ("2255 petition"), arguing (1) the court erred in denying his motion to withdraw, (2) his plea was involuntary because it was induced by fear, (3) he was deprived of effective assistance of counsel, and (4) there was new exculpatory evidence. I rejected each of Taylor's arguments and the Ninth Circuit affirmed. United States v. Taylor, 70 F.3d 121, 1995 WL 648265 (9th Cir. 1995) (unpublished opinion). Taylor then filed a second 2255 petition, which I denied because Taylor was no longer in custody or subject to probation.

Taylor then filed his first motion for Coram Nobis relief, again arguing that his guilty plea was involuntary, that he was denied effective assistance of counsel, and that he was denied a fair trial. I denied that motion because none of those claims met the requirements for Coram Nobis relief. The Ninth Circuit affirmed. United States v. Taylor, 122 Fed. Appx. 891, 2005 WL 327636 (9th Cir. 2005).

Taylor filed a second motion for Writ of Error Coram Nobis, seeking to reargue virtually

PAGE 2 - OPINION AND ORDER

identical claims. I denied that motion and Taylor failed to timely appeal.

Taylor then filed a third motion for Coram Nobis relief, arguing that my service as Treasurer for the State of Oregon raised questions about my impartiality and again arguing that his guilty plea was involuntary. I again denied the motion because Taylor failed to meet the requirements for relief. The Ninth Circuit dismissed Taylor's appeal for failure to prosecute.

In his fourth motion for Coram Nobis relief, Taylor once again seeks to avoid the consequences of his guilty plea based on "new" evidence. On or about April 18, 1997, Taylor settled his tax liability with the Commissioner of the Internal Revenue Service ("IRS") for the years 1984 through 1988. This settlement is reflected in a stipulated Decision of the United States Tax Court, Taylor v. Commissioner of Internal revenue, Docket No. 8493-96 (Apr. 18, 1997) ("Tax Court Decision") (Ex. 1). Taylor alleges that under the settlement, the IRS granted him "innocent spouse relief" for the year 1987, pursuant to 26 U.S.C. § 6013(e), amended by 26 U.S.C. § 6015. Taylor argues that according to IRS regulations, a taxpayer cannot qualify for "innocent spouse relief" if the taxpayer engaged in fraudulent conduct for the tax year in question. Taylor contends that because the 1997 Tax Court Decision granted him innocent spouse relief for the year 1987, his 1993 conviction for tax evasion for the same year is invalid. This argument is without merit.

Like his three previous coram nobis petitions, Taylor's present claims fail to demonstrate any fundamental error in the underlying conviction. Taylor admitted under oath that "[o]n or about April 15, 1988, I willfully filed a 1987 joint income tax return which understated our taxable income." Plea Petition, at 5 (doc. 52). He also acknowledged that understood the consequences of pleading guilty and stated that he was pleading guilty "because I am guilty and I

PAGE 3 - OPINION AND ORDER

am not innocent." Id. Accordingly, I entered judgment finding defendant guilty of tax evasion for the year 1987. The Tax Court Decision does not demonstrate that Taylor's conviction was fundamentally erroneous. The U.S. Tax Court has no jurisdiction over criminal matters and its subsequent, stipulated findings regarding innocent spouse relief do not bind this court. Hill v. Comm'r, 204 F.3d 1214, 1217 (9th Cir. 2000) (While "a presumption exists that the tax court correctly applied the law, no special deference is given to the tax court's decisions."). The Tax Court Decision determined the amount of money Taylor owed for the year 1987. It has nothing to do with the validity of Taylor's tax evasion conviction.

In any event, Taylor fails to provide a "valid reason" for his failure to raise this "error" earlier. The Tax Court decision in question was entered nearly fourteen years ago. Since then, Taylor has filed three separate motions for Coram Nobis relief, yet has failed to raise this issue until now. He fails to explain why this court should now take the extraordinary step of re-opening this seventeen year-old case, or why he did not include his current factual allegations in any of his previous motions. Consequently, his claim for Coram Nobis relief fails.

For the reasons stated above, Taylor's fourth motion (doc. 126) for Coram Nobis relief is DENIED.

IT IS SO ORDERED.

DATED this 2 day of February, 2011.

_____
James A. Redden
United States District Judge

PAGE 4 - OPINION AND ORDER